**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**MIGUEL TRUJILLO,**

    **Petitioner,**

vs.                                                                         No. CIV-07-0685 MCA/ACT

**TIM LEMASTER, Warden**,
**and GARY K. KING, Attorney General**
for the State of New Mexico,

    **Respondents.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody filed on July 18, 2007 [Doc. No. 1]. The Respondents answered on October 4, 2007, and Petitioner filed an Objection to Attorney General's "Answer" on October 18, 2007 [Doc. Nos. 11 and 12]. The Court appointed counsel for Petitioner, ordered Respondent to supplement the record and ordered briefing on the issue of exhaustion [Doc. No. 17]. Briefs were filed by all parties as ordered by the Court [Doc. Nos. 32, 33, 35, 36, 37 and 38]. The United States Magistrate Judge, having reviewed the Application, the Answer, the briefing by the parties and the relevant law, and finding that an evidentiary hearing is not necessary, recommends that Petitioner's Application for a Writ of Habeas Corpus [Doc. No. 1] be dismissed, without prejudice, for failure to exhaust state court remedies and that Petitioner's Pro-Se Motion for Leave to Amend [Doc. No. 15] be denied as moot.

PROPOSED FINDINGS

PROCEEDINGS AND PLEADINGS

1.      Petitioner is currently in the lawful custody of Respondent Tim LeMaster, pursuant to a valid Judgment, Partially Suspended Sentence and Commitment and Order to Transport of the First Judicial District Court, County of Santa Fe, State of New Mexico, entered on October 26, 2001 [Doc. No. 11, Ex. A]. Petitioner was found and adjudged guilty and convicted of Murder in the First Degree, Extortion (2 counts) and Tampering with Evidence (2 counts) and sentenced to life plus 30 years less pre-confinement credit. *Id.*

State District Court Proceedings

2.      Following an unsuccessful direct criminal appeal [Doc. No. 11, Exs. B - I], Petitioner filed a *pro se* Petition for Habeas Corpus in the First Judicial District Court, County of Santa Fe, State of New Mexico on April 1, 2004 [Doc. 11, Ex. J]. Shortly thereafter, orders were entered appointing counsel for Petitioner and giving Petitioner until September 5, 2004 to amend his complaint [Doc. 18, Ex. 9]. On February 14, 2005 an order allowing withdrawl and substitution of contract counsel was entered and on February 25, 2005, Daniel M. Salazar entered his appearance on behalf of Petitioner. *Id.* On March 28, 2005, Respondent answered the petition. *Id.*

3.      On April 6, 2005, Petitioner wrote to the state district court asking for new counsel. *Id.* In response, Judge Pfeffer wrote Attorney Salazar and asked him to communicate with his client. *Id.* On May 26, 2005, Petitioner, appearing *pro se*, filed a motion to rescuse the assigned judge and a motion for new counsel. *Id.*

4.      On August 1, 2005, Petitioner filed a *pro se* Supplement to "Original" Habeas Petition [Doc. 11, Ex. M]. Six weeks later, on September 15, 2005, after filing two motions for

extension of time to file an amended habeas petition [Doc. No. 18, Ex. 12], Attorney Salazar filed an Amended Petition for Writ of Habeas Corpus on Petitioner's behalf [Doc. 11, Ex. N]. The Respondent submitted a response to the amended petition filed by Attorney Salazar on October 31, 2005 [Doc. 11, Ex. O]. In an order dated November 17, 2005, the state district court denied the Amended Petition for Writ of Habeas Corpus, finding that the issue raised in the amended petition was addressed by the New Mexico Supreme Court on direct appeal and found to be without merit; that the New Mexico Supreme Court determined that the evidence in question was cumulative and any error was harmless; and, that issues raised and decided in a prior appeal may not be re-litigated in post-conviction proceedings [Doc. No. 11, Ex. P].

     5.     In response to the order denying the amended petition filed by Attorney Salazar, Petitioner, appearing *pro se*, filed a Motion for Original Habeas Corpus Petition to be Heard by the State Court [Doc. No. 11, Ex. Q]. In his motion, Petitioner stated that appointed counsel "neglected his responsibilities and obligations" to Petitioner [Doc. No. 11, Ex Q, p. 1]. Petitioner requested that all the claims presented in his original writ of habeas corpus be heard and ruled on by the state district court. [Doc. No. 11, Ex. Q, p. 2]. On December 5, 2005, the state district court ordered Attorney Salazar to respond to Petitioner's motion. [Doc. No. 11, Ex. R].

     6.     Petitioner filed a Motion for Substitution of Counsel of January 4, 2006. [Doc. No. 18, Ex. 13]. On February 15, 2006, State District Court Judge Stephen Pfeffer wrote a letter to Mr. Salazar directing him to file a detailed response to Petitioner's pending motion no later than February 28, 2006 [Doc. No. 11, Ex. S].

     7.     On May 3, 2006, Petitioner filed a Motion for Finding of Facts and Conclusion of Law regarding the conduct of Attorney Salazar. [Doc. No. 18, Ex. 13]. On May 5, 2006, the state

3

district court issued an Order to Show Cause directing Salazar to show cause why he should not be held in contempt of Court for failure to respond to the order of December 5, 2006. [Doc. No. 11, Ex. U].  On June 2, 2006, an Amended Order to Show Cause was filed. *Id.*  After a hearing on the Amended Order to Show Cause, the state district court again directed Salazar to provide a detailed response to Petitioner's motion. *Id.*  On July 10, 2006, the Petitioner filed a document with the state district court regarding the Court's Order to Show Cause. [Doc. No. 18, Ex. 14].  On July 12, 2006, Attorney Salazar filed a Response to Court Regarding Petition for Writ of Habeas Corpus [Doc. No. 11, Ex. T].  In his response, Attorney Salazar stated that within months of having been assigned to represent Petitioner, Petitioner became dissatisfied with Attorney Salazar's representation and filed a disciplinary board complaint against him [Doc. No. 11, Ex. T, p. 3].  Attorney Salazar went on to state, "[r]ather than seek to withdraw, Counsel hired new counsel to continue with this matter." According to Salazar, the new counsel spoke with Petitioner and filed the amended petition. *Id.*

8. On August 9, 2006, after finding Attorney Salazar's response "wholly inadequate," the state district court directed the Public Defender's office to appoint new counsel to represent Petitioner with regard to his original Petition for Writ of Habeas Corpus filed on April 1, 2004 and stated that such counsel would be allowed to file an Amended Petition [Doc. No. 11, Ex. U].  The court directed new counsel to inform the court within 45 days whether the issues in the original petition would be pursued or whether counsel would be filing an amended petition. *Id.* If an amended petition was going to be filed, the court ordered that it be done within 60 days. *Id.*  On December 1, 2006, Geoffrey D. Scovil entered his appearance on behalf of Petitioner. [Doc. No. 11, Ex W].  On April 4, 2007, Petitioner, appearing *pro se,* filed a Motion to Compel Counsel to Comply With Courts Order and Rules of Criminal Procedure, asking for new counsel. [Doc. No. 18,

Ex. 15]. Petitioner filed a Notice of Non-Receipt of Response to the April 4, 2007 motion on May 25, 2007. *Id.*

9. On August 14, 2007, the state district court ordered that Petitioner's Amended Petition for Writ of Habeas Corpus filed on September 15, 2005, by Attorney Salazar be set aside and set forth a briefing and pre-trial order schedule [Doc. No. 11, Ex. V]. Again appearing *pro se*, Petitioner filed a Notification of Attorney of Record Released on September 4, 2007. [Doc. No. 18, Ex. 15]. Judge Pfeffer responded on September 6, 2007, indicating that he had forwarded a copy of Petitioner's document to Petitioner's attorney, Mr. Scovil and stated, "[i]t is this Court's position that if you are insistent upon seeking to have your attorney of record removed, you must file a pleading requesting same and give the specific grounds upon which you believe you are entitled to have him removed as counsel. You will also need to provide a legal basis for any claim to a right to have new counsel appointed." *Id.* [Doc. No. 11, Ex. X]

10. Attorney Scovil filed an Amendment to Petition for Writ of Habeas Corpus on September 17, 2007 [Doc. No. 11, Ex. Y]. On November 19, 2007, Judge Pfeffer recused himself and the case was assigned to the Honorable Timothy L. Garcia [Doc. No. 32, Ex FF]. On December 12, 2007, Judge Garcia set a hearing for May 16, 2008. [Doc. No. 18, Ex. 18].

11. On October 19, 2007 and November 8, 2007, Petitioner, appearing *pro se*, filed a Notice of No Full and Fair Hearing and an Amended Notice of No Full and Fair hearing requesting an evidentiary hearing on court-appointed counsel's actions and production of documents. [Doc. No. 18, Ex. 17].

12. On January 9, 2008, the state district court filed an Second Order to Complete Pretrial Order and directed the parties to complete a pretrial order. [Doc. No. 18, Ex. 18]. The Petitioner was

5

ordered to submit his portion of the order to Respondent by February 15, 2008 and Respondent was ordered to submit its portion to Petitioner and file the order by March 7, 2008. *Id.* On January 10, 2008, Petitioner, again appearing *pro se*, filed a Notice of Court's Non-Action requesting that the Court direct Respondent to file a response to the September 17, 2007 Amended Petition. [Doc. No. 18, Ex. 18]. Respondent responded to the state district court's order for a pretrial order by arguing that the civil rules do not apply to a habeas corpus petition and asked for an extension of time to respond to Petitioner's amended petition. *Id.*

   13. Petitioner filed a Notice for Needed Clarification on Fact Development Proceeding on March 17, 2008. [Doc. No. 18, Ex. 18].

   14. On April 8, 2008, Respondent filed a Response to (Second) Amended Petition for Writ of Habeas Corpus. [Doc. No. 32, Ex. BB]. Since the filing of the response, the state district court has entered two stipulated orders extending the deadline for filing of the pretrial order, the last entered on May 27, 2008 [Doc. No. 32, Ex. FF].

<u>United States District Court Proceedings</u>

   15. Petitioner, appearing *pro se* filed his federal petition on July 19, 2007 [Doc. No. 1]. Respondents answered on October 4, 2007 [Doc. No. 11]. Petitioner, still *pro se*, filed an Objection to Attorney General's "Answer" [Doc. No. 12].

   16. After reviewing the pleadings, the Court appointed counsel for Petitioner, ordered Respondents to supplement the record and ordered briefing by the parties on the issue of whether the exhaustion requirement of 28 U.S.C. §2254 had been waived as Petitioner's Petition for Writ of Habeas Corpus had been pending in state district court for almost four years [Doc. No. 17].

17.     In response to the order of the Court, Respondents supplemented the record, filed an Amended Answer, a Memorandum Brief Re: Issue of Exhaustion of State Court Remedies and Respondents' Supplemental Memorandum Brief Re: Whether the Court Should Waive the Exhaustion Requirement Pursuant to 28 U.S.C. §2254(b)(1)(B) [Doc. Nos. 18, 32, 33 and 35].

18.     Petitioner's court-appoint counsel filed a response on Petitioner's behalf and Petitioner also filed a *pro se* response [Doc. Nos. 36 and 37]. Respondents replied [Doc. No. 38].

19.     Respondents concede that the delay in the state habeas proceeding has been lengthy and legitimately raises a concern and inquiry concerning whether the exhaustion requirement of 28 U.S.C. §2254 should be waived [Doc. No. 35, p.2]. Respondents contend that the "record establishes there is no inordinate delay or unjustifiable delay for which the State is responsible." [Doc. No. 35, p.10]. Respondents argue that the delay has been the result of judicial recusals and the appointments and withdrawls of several attorneys representing Petitioner [Doc. No. 38, p.2].

20.     Court-appointed counsel for Petitioner argues that "in four years and two months, the sum total of the state habeas petition has amounted to the filing of petitions, responses, and zero progress toward a substantive resolution" and requests an evidentiary hearing on the issue [Doc. No. 37, pp. 3 - 4]. Petitioner appears to argue in his *pro se* pleading that the delay has been caused by his court-appointed counsel and an ongoing conflict of interest that has never been resolved. [Doc. No. 36].

DISCUSSION

21.     A federal court may consider a petition for writ of habeas corpus only after "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "This rule reflects the policy of providing the state courts a full and fair opportunity

to review the petitioner's claims through its own judicial processes before asserting federal review." *Farrell v. Lane,* 939 F.2d 409, 410 (7th Cir. 1991)(internal citation omitted).  However, §2254 includes an exception to the exhaustion requirement where "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. §2254(b)(1).  The Tenth Circuit has concluded that these exceptions apply when the petitioner can show inordinate, excessive and inexcusable delay in the state process that would render his rights ineffective.  *Harris v. Champion*, 938 F.2d 1062, 1069 (10th Cir. 1991)(citing *Jones v. Crouse,* 360 F.2d 157, 158 (10th Cir. 1966).

22.     Petitioner filed his Petition for Writ of Habeas Corpus with the state district court on April 2, 2004.  The petition is still pending.  There is no question that Petitioner has not exhausted his state remedies.  The question before the Court is whether the over four year delay in adjudicating Petitioner's state petition has been inordinate, excessive and inexcusable and therefore, has rendered the process ineffective to protect the rights of Petitioner thereby excusing Petitioner's failure to exhaust his habeas claim in state district court.

23.     The Court is sympathetic to Petitioner's situation, however, after a very detailed review of the record in this case, it is clear that while the State is responsible for some delay, the majority of the delay in this case is primarily attributable to Petitioner and to the several attorneys that have been appointed to represent Petitioner in these proceedings.

24.     Initially, there was a seventeen month delay in getting the Amended Petition for Writ of Habeas Corpus filed.  Within two months of the filing of the amended petition, Respondents answered and the state district court made a ruling.  After the state district court denied the amended petition, Petitioner requested that his original, *pro se*, petition be heard, arguing that his counsel

"neglected his responsibilities and obligations" to Petitioner. The state district court ordered counsel to respond to Petitioner's allegations but it took an order, a letter, and two orders to show cause before counsel responded seven months later. After finding counsel's response "wholly inadequate" the state district court directed the Public Defender's Office to appoint new counsel for Petitioner and further directed that new counsel inform the court within 45 days if the issues in Petitioner's original petition were going to be pursued or whether an amended petition was going to be filed. Four months later, new counsel entered his appearance but did not provide the court with any information regarding an amended petition. At this point, Petitioner's original petition had been pending for more that two and a half years. Over a year later, on August 14, 2007, the state district court set forth a new briefing and pre-trial order schedule. Two and a half weeks later, in response to Petitioner's request for new counsel, the state district court told Petitioner what he needed to do to have his counsel removed and, if he wished, new counsel appointed. Petitioner did not follow the direction of the state district court but instead filed four *pro se* notices over the next six months. Meanwhile, Petitioner's attorney filed an Amendment to Petition for Writ of Habeas Corpus, the presiding state court judge recused himself and a new judge was assigned. Since that time, Respondents have answered the petition filed by Petitioner's attorney and two stipulated orders have been entered extending the deadline for the filing of a pre-trial order, the last being on May 27, 2008.

25.     Petitioner has argued throughout these proceedings that his counsel has been ineffective and dilatory in providing counsel to him. He has asked the state district court for new counsel several times, however when the court explained to him how to have his counsel removed and new counsel appointed, Petitioner failed to follow the Court's directives.

26. Petitioner does not have a constitutional right to counsel in post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Smallwood v. Gibson,* 191 F.3d 1257, 1267, n.4 (10th Cir. 1999). As such, any errors or delay caused by counsel are not attributable to the State. *Coleman v. Watkins,* 52 Fed.Appx. 442 (10th Cir. 2002), *Body v. Watkins,* 51 Fed.Appx. 807 (10th Cir. 2002), *Sceifers, v. Trig,* 46 F.3d 701, 703 (7th Cir. 1995)(concluding that the eleven-year delay experienced by Petitioner did not render the state process ineffective within the meaning of §2254(b)).

27. It is extremely troubling to the Court that the Petitioner's application has been pending for so long. Nonetheless, the Court finds that the delay in adjudication of petitioner's Petition for Writ of Habeas Corpus in state district court has not rendered that process ineffective, thereby excusing the exhaustion requirement under 28 U.S.C §2254(b)(1)(A).

## CONCLUSION

28. The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be dismissed without prejudice because the Petitioner has failed to exhaust his state court remedies. The Court also recommends that Petitioner's Motion to Amend be denied as moot.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have

appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                                        _____
                                                        **Alan C. Torgerson**
                                                        **UNITED STATE MAGISTRATE JUDGE**